The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VEEDER-ROOT FUELQUEST, LLC,

        Plaintiff,

   v.

ANGELA WISDOM, an individual, and LEIGHTON O'BRIEN, INC., a corporation,

        Defendants.

Civil Action No. 2:21-cv-00352-RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Veeder-Root Fuelquest LLC's ("Plaintiff" or "VRFQ") motion for expedited discovery and to preserve evidence. Dkt. # 11. Defendants Angela Wisdom and Leighton O'Brien, Inc.[1] ("LOI") (collectively

---

[1] Defendants contend that LOI is not Ms. Wisdom's employer and is therefore an improper party to this case. Dkt. # 20 at 1. Plaintiff responded in oral argument that it

ORDER - 1

"Defendants") opposed this motion. Dkt. # 30. For the reasons below, the motion is **GRANTED in part**.

## II. BACKGROUND

The Court recounts the facts as set forth in its prior order. Dkt. # 31. Plaintiff is a fueling software and solutions provider in the retail and wholesale fueling industry. Dkt. # 1 ¶ 14. Ms. Wisdom was hired by Plaintiff as a Senior Director of Sales in the fall of 2017. *Id.* ¶ 20. In May of 2020, her role was expanded to include marketing responsibilities. *Id.* As a result of her responsibilities and duties, Plaintiff alleges that Ms. Wisdom had access to Plaintiff's "confidential, proprietary, and trade secret information, " which included, but was not limited to the following:

> business strategy plans, sales strategies, pricing plans and information, the Company's pipeline, customer information (including which customers had purchased which services) information regarding prospects (including details of anticipated deals, and how far along each prospective deal was), marketing strategies, development plans, strengths and weaknesses of certain Insite360 products and services, in-depth incentive and commission program information giving visibility into how the Company creates the necessary behaviors to drive growth, and more.

*Id.* ¶ 22.

When first hired, Ms. Wisdom signed a Nondisclosure and Assignment Agreement ("NDA") on or about October 28, 2017. *Id.* ¶ 22. The NDA prohibited Ms. Wisdom from directly or indirectly using or disclosing to anyone outside the company any of Plaintiff's trade secrets or confidential information, including customer lists, pricing, margins, and more. *Id.* ¶ 23. In mid-2019, Ms. Wisdom executed a new restrictive covenants agreement ("RCA") with Plaintiff in exchange for, inter alia, an increase in salary and equity. *Id.* ¶ 24-26.

---

would amend its complaint. The Court will consider this motion with respect to the requested injunction against Ms. Wisdom and reiterates its instruction to amend the complaint to include the proper defendants.

ORDER - 2

On January 12, 2021, Ms. Wisdom informed Plaintiff that she was accepting a position with Leighton O'Brien, Inc. ("LOI"), a direct competitor to Plaintiff, but represented that her role was non-competitive with respect to the products she would be selling and the territory in which she would be active. *Id.* ¶ 43. Plaintiff permitted Ms. Wisdom to remain in her job for three weeks, until February 1, 2021, to facilitate off-boarding and transition her responsibilities. *Id.* ¶ 47.

On February 1, 2021, LOI issued a press release dated February 2, 2021 announcing Ms. Wisdom's hire and describing her role as directly competitive with her role with Plaintiff. *Id.* ¶ 48. On February 3, 2021, Plaintiff sent Ms. Wisdom a letter reminding her of her continuing obligations to Plaintiff and requesting that she sign and return a draft certification confirming that her role would not be competitive. *Id.* ¶ 51. The following day, Plaintiff sent a copy of the letter to Reed Leighton, CEO of LOI. *Id.* ¶ 52. Mr. Wisdom did not respond to Plaintiff's letter. *Id.* ¶ 57. The following week, Plaintiff's General Manager and Vice President, Rachel Collins, emailed Ms. Wisdom asking her to call her to discuss the matter. *Id.* ¶ 20, 57. Ms. Wisdom did not respond. *Id.* ¶ 57.

On February 4, 2021, several days after her employment with Plaintiff ended, Ms. Wisdom mailed her company-issued devices back to Plaintiff. *Id.* ¶ 70. Her RCA required her to return the devices promptly upon termination of her employment and no later than two business days after termination. *Id.* ¶ 69. After receiving the devices on February 9, 2021, Plaintiff sent them to an external forensic examiner to conduct an analysis of each device. *Id.* ¶ 70.

The forensic examination revealed that Ms. Wisdom had performed a factory reset of her computer on February 3, 2021. *Id.* ¶ 71. According to the examiner, the analysis also revealed "hundreds of documents had metadata altered within an extremely short timeframe, suggesting that they were mass copied, deleted, or 'backed up' to another

ORDER - 3

device" on several occasions during Ms. Wisdom's final weeks with Plaintiff. *Id.* ¶ 72. The documents alleged included the following:

> [C]onfidential information regarding hundreds of the Company's customers, including revenue received for said customers, contract terms, which products or services the customers had purchased, and which [Plaintiff] sales executives were assigned to those customers; compensation data for the Company's account executives, renewal executives, and other specialists, including compensation structure, commissions, and quotas; information regarding the Company's territories; information regarding the [Plaintiff's] pipeline, including specific opportunities with prospects, which products were being pitched, stage of contract negotiations, and anticipated contract value; and the [Plaintiff's] growth goals for 2021.

*Id.* ¶ 75.

Ms. Wisdom had retained internal documents from Plaintiff and saved them on her personal work computer, alleging that she had been asked to work after her employment and that she needed to keep confidential company documents on her personal computer for that purpose. *Id.* ¶ 77. Plaintiff disputes both of these statements. *Id.* ¶ 78.

Plaintiff's outside counsel worked with counsel for Ms. Wisdom and LOI to try to resolve the dispute. *Id.* ¶ 63. On February 24, 2021, without notice to Plaintiff, Ms. Wisdom filed a declaratory judgment action in King County Superior Court naming Plaintiff as a defendant. *Id.* ¶ 64. On March 4, 2021, Ms. Collins was personally served with a copy of the lawsuit at her home, even though she was not a named party to the suit nor was she an authorized agent for service. *Id.* ¶ 68.

On March 15, 2021, Plaintiff filed a complaint and motion for temporary restraining order against Ms. Wisdom and LOI. Dkt. # 1, 3. On the same day, Plaintiff filed the pending motion to expedite discovery and preserve evidence with a noting date of March 26, 2021. Dkt. # 11. On March 16, 2021, Defendants filed a notice of intent to oppose the motion. Dkt. # 16. The following day, Defendants filed their response, Dkt. # 20, and the Court scheduled a hearing on the motion for temporary restraining order for

ORDER - 4

1  March 19, 2021.  The parties subsequently filed a stipulated motion to extend the
2  deadline for reply and move the hearing date, indicating that they were exploring "a
3  potential resolution of their dispute without further court involvement."  Dkt. # 24 at 2.
4  The Court granted the motion and rescheduled the hearing for March 24, 2021.  On
5  March 23, Plaintiff filed a reply indicating that the parties had not reached a resolution.
6  Dkt. # 26.  The Court heard oral argument on March 24, 2021.
7       On March 26, 2021, the Court denied Plaintiff's motion for temporary restraining
8  order.  Dkt. # 31.  The Court reserved consideration of Plaintiff's motion for preliminary
9  injunction and granted Defendants' request for a hearing pursuant to Local Rule 7(d)(3).
10  *Id.* at 31.

### III.    LEGAL STANDARD

12       A court may authorize expedited discovery before a Rule 26(f) conference upon a
13  showing of good cause.[2]  Fed. R. Civ. P. 26(d)(1); *Semitool, Inc. v. Tokyo Electron Am.,*
14  *Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Good cause exists "where the need for
15  expedited discovery, in consideration of the administration of justice, outweighs the
16  prejudice to the responding party."  *Id.*  "The good cause standard may be satisfied where
17  a party seeks a preliminary injunction . . . or where the moving party has asserted claims
18  of infringement and unfair competition."  *Qwest Commc'ns Int'l, Inc. v. WorldQuest*
19  *Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (internal citations omitted); *see also*
20  *Caston v. Hoaglin*, No. CIV A 2:08-CV-200, 2009 WL 1687927, at *2 (S.D. Ohio June
21  12, 2009) (holding that "[g]ood cause is often found in cases alleging infringement,
22  unfair competition, or where evidence may be lost or destroyed with time"); *Ellsworth*
23  *Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (holding that

---

[2] This Court declines to apply *Notaro* and instead applies the "good cause" standard in evaluating Plaintiff's request for expedited discovery.  *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

ORDER - 5

"[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings"). However, a court need not automatically grant expedited discovery "merely because a party seeks a preliminary injunction." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).

When considering a request for expedited discovery in preparation for a preliminary injunction hearing, "it makes sense to examine the discovery request ... on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (internal citation and quotations omitted). In determining the reasonableness of the request for expedited discovery, courts commonly consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (citations omitted).

## IV. DISCUSSION

In the instant motion, Plaintiff requests leave to conduct expedited discovery in this matter and for an Order directing Defendants to preserve relevant evidence in their possession, custody, or control. Dkt. # 11 at 1-2. Plaintiff also requests that the Court order the District's Model Tier-Two Protective Order shall govern expedited discovery. *Id.* at 2. Plaintiff seeks the following discovery on an expedited basis:

> (1) The deposition of Wisdom, on an expedited basis, on topics concerning (i) her access to, retention of, use of, or dissemination of VRFQ's confidential, proprietary, and/or trade secret information; (ii) her role with LOI, including but not limited to her responsibilities and territory, and access to customers; and (iii) other matters pertinent to VRFQ's request for injunctive relief;
>
> (2) The deposition of LOI's CEO, Reed Leighton ("Leighton"), and a Rule 30(b)(6) deposition of LOI, on an expedited basis, on topics concerning (i) LOI's solicitation of Wisdom or other VRFQ employees into roles with LOI

  similar to roles they held as VRFQ employees; (ii) Wisdom's actions on behalf of LOI; and (iii) LOI's possession of VRFQ's confidential business information;

(3) Requests for production of documents and interrogatories to Wisdom concerning (i) her access to, retention of, use of, or dissemination of VRFQ's confidential, proprietary, and/or trade secret information; (ii) her role with LOI, including but not limited to her responsibilities and duties, territory, and access to customers; and (iii) other matters pertinent to VRFQ's request for injunctive relief, with responses due ten (10) days from service;

(4) Requests for production of documents and interrogatories to LOI concerning (i) its solicitation of Wisdom or other VRFQ employees; (ii) Wisdom's activities on behalf of LOI; and (iii) LOI's possession of VRFQ's confidential business information, with responses due ten (10) days from service; and

(5) A forensic analysis of all computers, personal data devices, mobile phones, or electronic storage devices owned by, assigned to, or otherwise in the possession, custody or control of Wisdom at any time from November 1, 2020 to the present on which she conducted VRFQ business and/or stored VRFQ information.

*Id.* at 1-2.

Plaintiff asserts that good cause exists to permit expedited discovery pursuant to Rule 26(d)(1) because the information it seeks "is limited to what his necessary to ensure its confidential information, trade secrets, and other legitimate business interests are adequately protected." *Id.* at 6. Plaintiff further contends that its request is "eminently reasonable."

Defendants argue that Plaintiff does not establish good cause for expedited discovery, and that their discovery requests are neither "reasonable" nor "limited." Dkt. # 29 at 3-4. Defendants allege that Plaintiff's demands on Defendants, including numerous interrogatories, requests for production, and depositions within a short timeframe are overly broad and burdensome. *Id.* at 4. As such, Defendants contend that the second and fourth factors of the five-factor expedited discovery test weigh against granting the motion. *Id.* at 5. Moreover, Defendants argue that Plaintiff's allegations of

ORDER - 7

harm are insufficient to establish good cause for expedited discovery and preliminary injunction hearings are, by definition, based on an incomplete record. *Id.* Finally, they argue that the timing of the motion so close to the FRCP 26(f) conference "provides little to no benefit, much less a benefit outweighing the significant burden it places on Defendants." *Id.* at 5-6.

As a preliminary matter, the Court notes that Plaintiff's motion was noted for consideration by the Court only a few days prior to the FRCP 26(f) conference deadline of March 31, 2021. Dkt. # 18. Although the parties are free to engage in discovery after the Rule 26(f) conference without leave of the Court, Plaintiff's pending motion is not moot as it seeks an expedited timeline for responses to discovery requests, a Court order for Defendants to preserve evidence, as well as a protective order governing expedited requests.

The Court finds that the Plaintiff's request for expedited discovery is reasonable given the forensic analysis demonstrating irregular and suspicious activity with regard to Ms. Wisdom's use of Plaintiff's confidential information. Plaintiff's concerns about the loss or destruction of confidential, proprietary, or trade secret information are valid. *See Caston*, 2009 WL 1687927, at *2 (holding that good cause exists where "evidence may be lost or destroyed with time"). The Court therefore grants Plaintiff's request to order Defendants to preserve evidence in their possession, custody, or control.

The Court also finds the discovery requests not to be overly burdensome but modifies them slightly to provide Defendant additional time to meet the deadlines. The Court agrees that, given the confidential nature of some of the discovery requests, a protective order must be issued to ensure that information is adequately protected. The Court finds that the District's Model Tier-Two Protective Order is sufficient for the period of expedited discovery and will consider alternatives as proposed by the parties going forward.

ORDER - 8

## V.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

(1) VRFQ is granted leave to serve the interrogatories attached as Exhibits A and B to its Motion pursuant to Rule 33 of the Federal Rules of Civil Procedure, and Defendants shall produce written responses (subject to clams of privilege and any good faith objections) within fourteen (14) days of service of the requests by email;

(2) VRFQ is granted leave to serve the document requests attached as Exhibits C and D to its Motion pursuant to Rule 34 of the Federal Rules of Civil Procedure, and Defendants shall produce written responses and responsive documents (subject to claims of privilege and any good faith objections) within fourteen (14) days of service of the requests by email;

(3) VRFQ is granted leave to conduct depositions of Ms. Wisdom, a corporate representative of Defendant LOI and LOI's CEO, Reed Leighton pursuant to Rule 30 of the Federal Rules of Civil Procedure, on ten calendar days' notice;

(4) VRFQ shall be entitled to a forensic analysis of all computers, personal data devices, mobile phones, or electronic storage devices owned by, assigned to, or otherwise in the possession, custody or control of Wisdom at any time from November 1, 2020 to the present on which she conducted VRFQ business and/or stored VRFQ information, pursuant to a forensic analysis protocol regarding which the parties, through their counsel, shall meet and confer within three days of this Order;

(5) This District's Model Stipulated Protective Order shall govern expedited discovery in this case;

ORDER - 9

(6) Defendants shall immediately preserve all relevant evidence in their possession, custody, or control (including, without limitation, all evidence residing in their email and data storage accounts and on their mobile phones, computers, and other devices), and Wisdom shall take steps to forensically preserve within seven (7) calendar days any and all electronic devices, including but not limited to any home and/or work computers, hard drives, flash drives, iPods, iPads, cell phones, tablets, PDAs, and other external storage devices and/or cloud storage services in their possession, custody, or control, that have or may have ever stored VRFQ information or communications about VRFQ customers, products, or services; and

(7) The parties are ordered to meet and confer and file a joint proposed briefing schedule on the motion for preliminary injunction to be submitted no later than April 7, 2021.  The Court will reach out to the parties to identify a mutually agreeable time for the preliminary injunction hearing.

SO ORDERED.

DATED this 31st day of March, 2021.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge

ORDER - 10